| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Angela C. Pattison, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: apattison@hillwallack.com<br>Attorneys for NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon fka The Bank of New York, as Trustee for The Certificateholders of The CWALT, Inc., Alternative Loan Trust 2007-17CB Mortgage Pass-Through Certificates, Series 2007-17CB | Order Filed on December 1, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Mercedes Hurtado<br>             Debtor | Case No.:     18-26385-VFP<br><br>Chapter:     13<br><br>Judge:     Vincent F. Papalia |

**ORDER ON MOTION FOR AUTHORIZATION
TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
(CHAPTER 13)**

The relief set forth on the following page is **ORDERED**.

**DATED: December 1, 2020**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on  November 12, 2020 , as to the  first  mortgage *[enter first, second, third, etc.]* concerning real property located at 76 South Parkway, Clifton, NJ 07014 , and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

[X]  The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

[X] There is no order requiring the debtor to cure post-petition arrears through the Plan; or

[ ] Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

[ ] Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____ ; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

[ ] The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

2